```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

```
_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                                    )
vs.                                 )   CRIMINAL ACTION
                                    )   NO. 04-1794-CBS
JOHN FORTES,                        )
        Defendant,                  )
_____)
```

**MEMORANDUM OF PROBABLE CAUSE AND ORDER ON THE
GOVERNMENT'S MOTION FOR DETENTION**
July 15, 2004

**SWARTWOOD, M.J.**

I. Nature of the Offense and the Government's Motion

On June 25, 2004, an Amended Criminal Complaint was filed, charging John Fortes ("Mr. Fortes"), with possessing with intent to distribute cocaine, in violation of 21 U.S.C. §841(a)(1) and being a felon in possession of ammunition, in violation of 18 U.S.C. §922(g)(1).

At Mr. Fortes' initial appearance on June 24, 2004, in connection with a prior Criminal Complaint charging these same offenses, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)(1)(C)(Mr. Fortes is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), and (f)(2)(A)(risk of flight).

The matter was then continued for a consolidated probable cause/detention hearing to be held on June 25, 2004.

On June 25, 2004, Mr. Fortes appeared for a consolidated probable cause/detention hearing and at that time, the Criminal Complaint against him was amended and an additional ground for detention was asserted by the Government in accordance with 18 U.S.C. §3142(f)(1)(D)(Mr. Fortes is charged with a felony and has been convicted of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1)(A), or two or more state of local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction had existed). The hearing was then continued to July 2, 2004.

On July 2, 2004 and prior to any evidence being presented on the issue of probable cause or detention, Mr. Fortes assented to an Order of Detention, but reserved his right to a detention hearing in the future.  Thereafter, Brendan Hickey, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, testified on behalf of the Government and was cross-examined by Mr. Fortes' counsel.

## II.  Findings of Fact

1.   On May 27, 2004, a confidential witness ("CW") made a controlled purchase of approximately 29 grams of cocaine from Mr. Fortes for $1,400.  At the time of this purchase, the CW wore a wire and the transaction was surveilled, monitored and recorded by law enforcement officials.   Govt. Ex. 1.

2. The cocaine purchased by the CW on May 27, 2004, was subsequently lab tested and found to contain 28.12 grams of cocaine. Govt. Ex. 2.

3. On June 2, 2004, the CW made a controlled purchase of 26 grams of crack cocaine and six rounds of ammunition from Mr. Fortes. The CW paid Mr. Fortes $1,400 for the crack cocaine and $60 for the six rounds of ammunition. The CW wore a wire during this controlled purchase and the transaction was surveilled, monitored and recorded by law enforcement officials. Govt. Ex. 1.

4. The cocaine, purchased by the CW from Mr. Fortes on June 2, 2004, field tested positive for cocaine.

5. The ammunition, purchased by the CW from Mr. Fortes on June 2, 2004, was not manufactured in the Commonwealth of Massachusetts and therefore, traveled in interstate commerce.

6. On July 7, 1998, Mr. Fortes was convicted in the New Bedford District Court for possession of a Class B controlled substance with intent to distribute which, under Massachusetts law, is punishable by a term of imprisonment in excess of one year.

### III. Probable Cause

I find that on May 27 and June 2, 2004, Mr. Fortes possessed with intent to distribute cocaine, in violation of 21 U.S.C. §841(a)(1) and on June 2, 2004, Mr. Fortes having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, possessed ammunition that had traveled in interstate commerce, in violation of 18 U.S.C. §922(g)(1).

Therefore, I find probable cause for the offense charged against Mr. Fortes in this Complaint.

### IV. Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Fortes be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Fortes be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Fortes is detained and confined shall deliver Mr. Fortes to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

<u>RIGHT OF APPEAL</u>

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

<u>/S/CHARLES B. SWARTWOOD, III</u>
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE